IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gina Casale, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  24 CV 489 |
| | ) | |
| Leaf Home Enhancements, LLC., | ) | |
| | ) | **<u>Jury Trial Demanded</u>** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Gina Casale, ("Plaintiff") by and through her undersigned counsel of record, and complains against Defendant Leaf Home Enhancements, LLC., ("Defendant") as follows:

**INTRODUCTION**

1. This case is filed based on Defendant's violations of the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and 5 U.S.C. § 6381 *et seq.*, including, but not limited to, terminating Plaintiff after 9+ years of dedicated service in retaliation for taking FMLA leave [need reason] for the medical needs of Plaintiff's spouse who required knee surgery for a second time and was restricted from driving.

2. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's termination of the Plaintiff's employment rather than reinstatement as required under protections of FMLA leave.

3. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's failure to reinstate Plaintiff upon her request to return from FMLA leave rather than reinstatement as required under protections of FMLA leave.

1

4. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's failure to reinstate Plaintiff to her prior position upon her return from FMLA and/or failure of Defendant to return Plaintiff to a comparable position as required rather than reinstatement as required under protections of FMLA leave.

5. Plaintiff's ability to financially support her family came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and terminated Plaintiff simply because Plaintiff exercised her statutory right to take medically necessary FMLA leave to for her own serious medical condition.

6. Despite Plaintiff's years of dedicated employment and outstanding job performance, Defendant retaliated against Plaintiff for taking necessary FMLA leave and unlawfully terminated Plaintiff for taking necessary FMLA leave.

7. Plaintiff also brings claims pursuant to the Illinois Wage Payment and Collection Act, (IWPCA), for unpaid bonuses.

## PARTIES
### a. Plaintiff

8. Plaintiff, Gina Casale, was an individual resident of Illinois at the time of the events in this Complaint.

### b. Defendant

9. Defendant, Leaf Home Enhancements, LLC., is a provider of home renovation, restoration and installation of products such as Leaf Guards, bathtubs and windows in Illinois.

10. Defendant is an employer under FMLA, 29 U.S.C 2611 (4).

11. At all times relevant hereto, Defendant was an employer engaged in an industry affecting commerce, and had 50 or more employees for each working day in each of twenty or more calendar weeks.

12. At all relevant times herein Defendant is and has been a covered entity under the FMLA pursuant to 29 U.S.C. § 2601, *et seq*

13. Plaintiff was entitled to and met the requirements for leave under FMLA generally, as alleged elsewhere in this complaint, and specifically under FMLA 29 U.S.C 2612 (a)(1).

14. Defendant was a qualified "FMLA" employer under the FMLA in general and specifically employed 50 employees within 75 miles of that worksite in accord with 29 USC § 2611 (2)(B)(ii).

15. Plaintiff was terminated from her employment with Defendant on 10/16/23.

## JURISDICTION AND VENUE

16. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Family Medical leave Act ("FMLA"), 29 U.S.C. §2601 et seq..

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## STATEMENT OF FACTS REGARDING:
## FMLA INTERFERENCE AND RETALIATION

18. Plaintiff worked for Defendant over nine years.

19. Plaintiff's title was Regional Installation Director.

20. Plaintiff had an exceptional career with Defendant, meeting or exceeding her work goals and duties.

21. Plaintiff received promotions and pay increases throughout her work career with Defendant.

22. In June of 2023 Plaintiff needed to take FMLA leave to care for her spouse.

23. Plaintiff took approved FMLA leave to treat these conditions beginning in mid-June of 2023.

24. While Plaintiff was absent on FMLA leave, Plaintiff's work was transferred to Danielle Yurko.

25. On in mid-October of 2023, before the end of her FMLA leave, Plaintiff expressed desire to return to work.

26. Defendant rather than reinstating Plaintiff claimed that the position of Regional Installation Director was eliminated.

27. This was a falsehood, as Plaintiff's replacement, Danelle Yurko, was using that same title and doing the same job as the Plaintiff, thus the position had not been eliminated.

28. Thus Plaintiff's FMLA rights were interfered with and Plaintiff suffered FMLA retaliation based on her taking the FMLA leave.

29. Defendant's failure to reinstate Plaintiff to her protected position or a comparable position, is a separate and distinct FMLA violation, filed herein as an interference claim and/or as an FMLA retaliation.

30. In the alternative, Plaintiff was fired for pretextual reasons used to cover Defendant's obvious animus at Plaintiff being on FMLA.

31. Defendant did not offer to reinstate Plaintiff to her former position, did not offer a comparable replacement job.

32. Defendant actions and inactions were and are FMLA interference and retaliation.

33. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's termination of the Plaintiff's employment rather than reinstatement as required under protections of FMLA leave.

34. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's failure to reinstate Plaintiff upon his request to return early from FMLA leave rather than reinstatement as required under protections of FMLA leave.

35. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's failure to offer intermittent FMLA Plaintiff upon his request to return on an part time basis early from FMLA leave as required under protections of FMLA leave.

36. This case is also filed based on the Defendant's interference in the Plaintiff's FMLA rights, by Defendant's failure to reinstate Plaintiff to his prior position upon his return from FMLA and/or failure of Defendant to return Plaintiff to a comparable position as required rather than reinstatement as required under protections of FMLA leave.

37. It is undisputed that Defendant failed to reinstate the Plaintiff to her prior position, rather Defendant's seek to avoid FMLA duties by falsely blaming a reorganization for their failure to follow FMLA and its regulations.

38. While Defendant has claimed that a "restructuring" caused Defendant to reduce its work force, Plaintiff's protected position was not eliminated thus showing that the motive here is not economic rather was animus towards Plaintiff for her FMLA leave and/or an FMLA interference.

39. FMLA/DOL regulations require: "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has

been replaced or his or her position has been restructured to accommodate the employee's absence." Here all parts of this provision were violated, in that Plaintiff was

    a. Not returned to the same position

    b. Not offered an equivalent position as the offer job did not have

        i. The same benefits

        ii. The same pay

        iii. The same terms and conditions of employment

    c. the protected position was not eliminated or restructured and continued to be staffed by the replacement employee until January of 2021.

40. Plaintiff was an employee of Defendants as defined by the FMLA.

41. At the time of application for FMLA protected leave the Plaintiff had worked continuously for the Defendants for more than (12) twelve months preceding the request for leave.

42. At the time of application for FMLA protected leave the Plaintiff had worked more 1250 hours during the twelve months preceding his requests for leave

43. Based upon the Plaintiff's qualification for FMLA Plaintiff was qualified for and could take up to twelve (12) weeks of FMLA leave.

44. Plaintiff was entitled to and met the requirements for leave under FMLA in general and specifically under requirements of 29 USC § 2612 (a)(1).

45. Plaintiff was a qualified, competent, and dedicated employee that was performing all of his job duties in a reasonable and acceptable manner during all relevant times herein.

46. Plaintiff performed all of her job duties in a manner that met the Defendants' legitimate expectations.

47. Defendant's actions and/or inactions intentionally, willfully, created a situation in which Plaintiff was forced to choose between medical care and losing her job.

48. Such willful, intentional acts and/or inactions are in direct violation of the FMLA and effectively undercut the intent of the Act.

49. Such actions and/or inactions by Defendant substantially interfered with Plaintiff's substantive rights under FMLA

50. Termination imposed by the Defendant upon the Plaintiff was without basis and was pretextual.

51. Termination were retaliations for Plaintiff's attempts at or applications for FMLA leave and/or for her taking of FMLA leave.

52. Such retaliation is in violation of the FMLA.

53. Plaintiff would not have suffered such actions/inactions/conduct at the hands of the Defendant but for availing himself of the rights under FMLA.

54. Defendant's actions and/or inactions taken under such circumstances interfered with and unduly burdened the Plaintiff's exercise of rights guaranteed to Plaintiff under the FMLA.

55. Defendant has and continues to unlawfully interfere with and burden the rights of its employees with regard to the manner in which it administers employees' FMLA.

56. Plaintiff had an outstanding work history. There was no legitimate non-discriminatory non-retaliatory basis for Plaintiff's termination.

57. Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, cost of relocation and other damages.

**IWPCA CLAIMS**

58. The Defendant and Plaintiff had an IWPCA Agreement.

59. The parties IWPCA agreement for a Bonus based off of what was installed and paid for the month along with how many active service tickets there were during that time.

60. Plaintiff performed her requirements, overseeing installations and active tickets, yet Defendant failed to pay Plaintiff for all the bonuses owed.

61. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

62. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT**
*Retaliation In Violation of FMLA*

63. Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

64.  Plaintiff's suffers from a serious medical condition that requires medical treatment.

65. Plaintiff was an eligible employee under the FMLA, insomuch as he had been employed for at least 12 months and had worked at least 1,250 hours for Defendants within the 12-month period immediately preceding his request for FMLA leave and retaliatory termination by Defendant. See 29 U.S.C. §2611 (2).

66. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. 29 U.S.C. § 2611(4).

67. Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. § 2612 (a)(1).*

68. Plaintiff properly notified Defendant of his need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising his right to take FMLA, and otherwise fulfilled all of her obligations for taking medical leave.

69. Plaintiff fully informed Defendant of the nature and scope of his child's serious medical condition and he went through all of the proper avenues to get approval for his requested leave to recover from the injury.

70. Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because he was a qualifying employee, as alleged above, and he had not taken any other FMLA leave.

71. Defendant violated the FMLA by terminating Plaintiff's employment based on his taking time off as allowed under FMLA.

72. Defendant terminated Plaintiff in retaliation for Plaintiff attempting to take FMLA leave and/or attempts to gain coverage under FMLA and/or Plaintiff's beginning to take time off as allowed under FMLA.

73. There was no legitimate non-discriminatory or non-retaliatory basis for Defendants' termination of Plaintiff.

74. Defendants' violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

75. There exists a causal link between Plaintiff availing himself of FMLA rights and the subsequent termination and or ouster from employment suffered by Plaintiff.

76. Said discriminatory, unlawful and willful conduct is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

## PRAYERS FOR RELIEF FOR ALL FMLA CLAIMS

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Statutory damages for lost wages, benefits and other compensation, plus all accrued interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii);

B. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B , pursuant to 29 U.S.C.A. § 2617 (a)(1)(B) and/or 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B);

E. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§ 2614(a)(1), 2614(a)(2), and 2615(a);

F. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

G. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

H. Injunctive and declaratory relief with regard to Defendants' unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

I. Damages which satisfy the jurisdictional limitation of this Court and such

additional amounts as the jury and this Court deem just under the circumstances;
J. Attorneys fees, interest on said attorney's fees, expert witness fees; and
K. Any and all other such relief as this Court deems just and equitable.

**COUNT II**
**FMLA INTERFERENCE**

77.     Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

78. Plaintiff's spouse's serious medical condition required Plaintiff to take time off of work, Defendant was fully aware of Plaintiff's need for time off and provided Plaintiff with time off work, yet Defendant failed to reinstate the Plaintiff to the protected position  he had occupied before the FMLA leave and Defendant failed to reinstate Plaintiff to an equivalent position.

79. Defendant interfered in Plaintiff's FMLA rights as alleged elsewhere in this complaint.

**PRAYER FOR RELIEF**
WHEREFORE, Plaintiff prays for the following relief:
A. Statutory damages for lost wages, benefits and other compensation, plus all accrued interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii);

B. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B , pursuant to 29 U.S.C.A. § 2617 (a)(1)(B) and/or 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B);

E. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§ 2614(a)(1), 2614(a)(2), and 2615(a);

F. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

G. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

H. Injunctive and declaratory relief with regard to Defendants' unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

I. Damages which satisfy the jurisdictional limitation of this Court and such

additional amounts as the jury and this Court deem just under the circumstances;
J. Attorneys fees, interest on said attorney's fees, expert witness fees; and
K. Any and all other such relief as this Court deems just and equitable.

## COUNT III
### Violations of the Illinois Wage Payment and Collection Act

80.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

81.    The Defendant and Plaintiff had an IWPCA Agreement.

82. The parties IWPCA agreement for a Bonus based off of what was installed and paid for the month along with how many active service tickets there were during that time.

83. Plaintiff performed her requirements, overseeing installations and active tickets, yet Defendant failed to pay Plaintiff for all the bonuses owed.

84. Plaintiff was not an independent contractor, rather was an employee of the Defendants by IWPCA Agreement(s).

85. Plaintiff's employment was in the usual course of business for which such service is performed.

86. Plaintiff did not have a proprietary interest in the Defendant.

87. The Defendant is an "employers" under the terms of the IWPCA section 2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in their favor as follows:

    A.      Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor regulations;

    B.      Liquidated damages in accordance with the IWPCA and IMWL.

    C.      Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

    D.      Consequential damages;

    E.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

    F.      Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2/5% per month;

    G.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

    H.      Attorneys' fees in accordance with the IWPCA;

    I.      and costs of this action;

    J.      Such other relief as this Court shall deem just and proper

**JURY DEMAND**
**TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE**

Dated January 19, 2024
Respectfully Submitted,

12

By: _____/S/ John C. Ireland __
John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
FACSIMILE 630-206-0889 Attorneyireland@aol.com Attorney Number 6283137